UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LVD ACQUISITION, LLC<br>(dba Oasis International)<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARTLAND, INC.<br>a New Jersey corporation,<br><br>Defendant. | Case No. _____<br><br><br>COMPLAINT FOR TRADEMARK<br>INFRINGEMENT<br><br><br>JURY TRIAL DEMANDED |

Plaintiff, LVD Acquisition, LLC, by its undersigned attorneys, hereby complains of Defendant, Artland, Inc. ("Defendant"), and alleges as follows:

## I.   THE PARTIES

1. Plaintiff, LVD Acquisition, LLC, is a limited liability company of the state of Delaware, which does business as Oasis International (and which will hereinafter be referred to as such), and which has a principal place of business at 222 E. Campus View Blvd., Columbus, Ohio 43235

2. Upon information and belief, Artland, Inc. (hereinafter "Defendant") is a New Jersey corporation that sells a variety of housewares including beverage servers within the United States, including but not limited to within the state of New Jersey, and which has an address at 1 South Middlesex Avenue, Suite A, Monroe Township, New Jersey 08831.

## II.   JURISDICTION AND VENUE

3. This is an action for 1) trademark infringement, false designation of origin, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*

("Lanham Act"), and for trademark infringement, unfair competition, and unjust enrichment under the laws of the State of New Jersey.

4. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and it has supplemental jurisdiction over Oasis International's claims under state law pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this Judicial District and within New Jersey. Upon information and belief, Defendant has a facility in Monroe Township, New Jersey where a substantial part of the events giving rise to the acts complained of herein occurred.

6. Upon information and belief, Defendant maintains and operates the website at [www.artlandinc.com](www.artlandinc.com).

7. Through that website, and in particular the page available at, http://www.artlandinc.com/aboutus.asp, Defendant advertises its address of 1 South Middlesex Avenue, Monroe Township, NJ.

8. Upon information and belief, Defendant regularly conducts business in New Jersey, it has a facility in Monroe Township, New Jersey, and a substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

## III.  FACTS

**Plaintiff's Rights in the OASIS trademark:**

9. Oasis International is a manufacturing company that originated in the United States of America in 1910 as the D.A. Ebinger Sanitary Manufacturing Company ("D.A. Ebinger"), which manufactured and sold water cooler and dehumidifier products.

10. In 1935, the assets of D.A. Ebinger were purchased by a group of executives in Columbus, Ohio and the company was renamed EBCO Manufacturing Company. The company began using the OASIS trademark in commerce, as associated with water coolers and water consumption-related goods and services, at least as early as this time.

11. On November 21, 1961, EBCO Manufacturing Company filed U.S. Trademark Application Serial No. 72/132,452 ("the '452 Application") to register the OASIS mark as associated with "Drinking fountains and accessories therefor – namely, bubbler valves, pressure regulator valves, faucets, drinking glass filler pipes, drain traps and pipe line strainers".

12. The '452 Application was filed based on use of the OASIS mark in United States commerce at least as early as August 4, 1941. On October 23, 1962, the '452 Application issued as U.S. Trademark Registration No. 739,633 ("the '633 Registration), a true and accurate copy of which is hereby attached as Exhibit A.   *See also* Exhibit E which includes an accompanying true and accurate printout of the U.S. Trademark Office's Trademark Status and Document Retrieval System which shows the current status and owner of the '633 Registration.

13. On November 21, 1961, EBCO Manufacturing Company also filed U.S. Trademark Application Serial No. 72/132,451 ("the '451 Application") to register the OASIS mark in International Class 34 (now International class 11) for "electrically-actuated dehumidifiers for removing moisture from the air by condensation."

14. The '451 Application was based on use of the OASIS mark in United States commerce at least as early as August 9, 1949. The '451 Application issued as U.S. Trademark Registration No. 739,747 ("the '747 Registration") on October 23, 1962. A true and correct copy of the '747 Registration is attached as Exhibit B. *See also* Exhibit E which includes an accompanying true and accurate printout of the U.S. Trademark Office's Trademark Status and Document Retrieval System which shows the current status and owner of the '747 Registration.

15. On May 11, 1965, EBCO Manufacturing Company filed U.S. Trademark Application Ser. No. 72/218,539 ("the '539 Application") to register the OASIS mark as associated with "Electrically Refrigerated Water Coolers".

16. The '539 Application was based on use of the OASIS mark in United States commerce at least as early as August 4, 1941. The '539 Application issued as U.S. Trademark Registration No. 805,948 ("the '948 Registration") on March 22, 1966. A true and correct copy of the '948 Registration is attached as Exhibit C. *See also* Exhibit E which includes an accompanying true and accurate printout of the U.S. Trademark Office's Trademark Status and Document Retrieval System which shows the current status and owner of the '948 Registration.

17. On July 17, 1972, EBCO Manufacturing Company filed U.S. Trademark Application Serial No. 72/430,039 ("the '039 Application"), to register the OASIS mark as associated with "Cabinet-Type, Non-Refrigerated, Bottled Drinking Water Dispensers."

18. The '039 Application was based on use of the OASIS mark in United States commerce in association with the listed goods at least as early as August 1962. The United States Trademark Office duly registered the '039 Application as US Trademark Registration No.

982,171 ("the '171 Registration") on April 16, 1974.  A true and correct copy of the '171 Registration is attached as Exhibit D.  *See also* Exhibit E which includes an accompanying true and accurate printout of the U.S. Trademark Office's Trademark Status and Document Retrieval System which shows the current status and owner of the '171 Registration.

19. At least as early as the 1970's, EBCO Manufacturing began selling its OASIS products internationally.

20. In 1997, EBCO Manufacturing Company changed its name to the Oasis Corporation.  The Oasis Corporation continued to manufacture and sell water coolers and other water consumption-related products in commerce in the United States and throughout the world under the OASIS mark.

21. In 2005, Oasis Corporation was purchased by Zohar Waterworks LLC which was subsequently purchased by LVD Acquisition, LLC ("LVD Acquisition") in 2009.  The company has continued to sell water coolers and other water consumption-related products in commerce (throughout the world and within United States commerce) under the OASIS mark.

22. Through a long series of assignments, LVD Acquisition was assigned the trademark rights that are the subject of, amongst other things, the '171 Registration, the '948 Registration, the '747 Registration, and the '633 Registration.

23. The '171 Registration, the '948 Registration, the '747 Registration, and the '633 Registration have each been renewed with the United States Trademark Office, have incontestable status, are in good standing, and are owned by LVD Acquisition.  *See* Exhibit E which collectively comprises true and accurate copies of printouts of the records of the Trademark Status &

Document Retrieval system maintained by the United States Trademark Office for each of the aforementioned trademark registrations.

24. In addition to its registered trademark rights, LVD Acquisition has substantial common law rights in the OASIS mark throughout the United States as associated with at least water consumption-related goods, coolers, filtration products, and dehumidifiers.

25. Oasis International is well-known as a supplier of water-consumption related goods throughout the United States.

26. Oasis has sold a variety of water-consumption related products under the OASIS mark throughout the United States including but not limited to: water coolers, water fountains, counter-top point of use water systems, water filters, water chillers, and filtered water pitchers.

27. In the mid-1990's, Oasis introduced and sold a ceramic crock dispenser that would fit on a counter top or wood stand and which was sold under the OASIS mark.

28. The following images are of OASIS ceramic crock dispensers that have been sold by Oasis under the OASIS mark in U.S. commerce:







29. Plaintiff believes that the products it has been selling in U.S. commerce under the OASIS mark include housewares, but to the extent it may be found that Plaintiff has not already been selling such products, the natural zone of expansion of Plaintiff's OASIS trademark rights includes housewares such as beverage servers and beverage coolers.

30. Oasis International's use of the OASIS mark on water-consumption related products has been continuous from at least as early as 1935 to the present day.

31. Over the years, LVD Acquisition and its predecessors have spent a considerable amount of money and have exercised great effort in advertising and establishing the OASIS Mark ("the Mark") in the minds of consumers throughout the United States and throughout the world as an identifier of LVD's high-quality goods and services.

32. LVD Acquisition maintains OASIS websites at the following domains:

    www.oasis.ie

    www.oasiscoolers.com

33. The websites are one way in which LVD Acquisition LLC advertises its goods sold under the OASIS mark.

34. Oasis International's water consumption related products are sold through a variety of places including via online retailers.

35. Two retailers through which Oasis International's products are sold online are Amazon and Walmart.

36. The OASIS mark is a distinctive and famous mark as it is widely recognized by the general consuming public of the United States as a designation of source of the goods of Oasis International.

37. The OASIS mark had acquired its distinctive and famous standing at least as early the 1950's and remains famous as a source identifier of Plaintiff's water-consumption related products to this day.

**DEFENDANT'S MISAPPROPRIATION OF AND UNAUTHORIZED USE OF THE OASIS MARK**

38. Upon information and belief, Defendant sells housewares including beverage servers and beverage coolers throughout the United States including, but not limited to, the state of New Jersey.

39. Upon information and belief, Defendant is selling at least some of its housewares under the OASIS trademark.

40. Upon information and belief, the goods being sold by Defendant under the OASIS trademark within the United States include water-consumption products such as beverage servers and beverage coolers.

41. Upon information and belief, Defendant's goods bearing the OASIS mark are sold through at least some of the same retailers that sell Oasis International's water consumption related products.

42. For example, Defendant's beverage servers and coolers can be purchased through Amazon.

43. Upon information and belief, Defendant's beverage servers and coolers can also be purchased through Walmart's retail website at Walmart.com.

44. One of the water-consumption related products being sold by Defendant under the OASIS mark is the following beverage server:



45. Upon information and belief, Defendant had knowledge of Plaintiff as a supplier of water-consumption related goods and/or housewares, before Defendant commenced using the OASIS mark.

46. Upon information and belief, Defendant had knowledge of Plaintiff's utilization of the OASIS trademark before it adopted and began using the OASIS trademark on housewares including beverage servers and beverage coolers.

47. Upon information and belief, Defendant has set out on a deliberate course of conduct to misappropriate Plaintiff's OASIS trademark in order to trade on Plaintiff's valuable goodwill in the water-consumption industry.

48. Defendant's use of the OASIS mark is without the permission or authority of Plaintiff.

49. Defendant's unauthorized use of the OASIS mark began after those marks became well-known to consumers as source identifiers of Plaintiff.

**The Effect of Defendant's Actions on Plaintiff and the Consuming Public**

50. Defendant's unauthorized use of the OASIS mark is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties as to some affiliation, connection, or association of Defendant's business with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and/or services.

51. Defendant's unauthorized use of the OASIS mark falsely indicates to the purchasing public that Defendant, its business, and its goods or services originate with Plaintiff, or are affiliated, connected, or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff or are in some manner related to Plaintiff or its goods or services.

52. Defendant's unauthorized use of the OASIS mark falsely designates the origin of Defendant's goods and/or services, and falsely or misleadingly describes and represents facts with respect to Defendant and its goods and/or services.

53. Defendant's unauthorized use of the OASIS trademark enables Defendant to trade on and receive the benefit and goodwill built up at great labor and expense over many years by Plaintiff, and to gain acceptance for Defendant's goods and/or services not solely on Defendant's own merits, but on the reputation and goodwill of Plaintiff, its marks, trade dress, goods, and services.

54. Defendant's unauthorized use of the OASIS trademark removes from Plaintiff the ability to control the nature and quality of goods and services provided under its marks, and places the

valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

55. The harm being caused to Plaintiff and consumers in this case is exacerbated by Defendant's adoption, and utilization of multiple marks owned and used by Plaintiff on goods that are identical or closely related to those being sold by Defendant under the misappropriated trademarks.

**The Willful Nature of the Defendant's Wrongful Acts**

56. Defendant has continued to use the OASIS mark in commerce despite receiving notice from Plaintiff that Plaintiff objects to such use.

57. Upon information and belief, Defendant's acts of infringement and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Plaintiff's rights. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### IV.    SPECIFIC COUNTS

**COUNT I: INFRINGEMENT OF REGISTERED MARKS**

58. Plaintiff repeats the above allegations as if fully set forth herein.

59. The acts of Defendant complained of herein constitute infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60. Plaintiff has been damaged by Defendant's acts of federal trademark infringement.

61. Defendant's infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

62. Defendant, by its actions, has irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

### COUNT II: VIOLATION OF LANHAM ACT SECTION 43(a)

63. Plaintiff repeats the above allegations as if fully set forth herein.

64. The acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. Plaintiff has been damaged by Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

66. Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

67. Defendant, by its actions, has irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

### COUNT III: TRADEMARK DILUTION UNDER THE LANHAM ACT

68. Plaintiff repeats the above allegations as if fully set forth herein.

69. The OASIS trademark is a strong and distinctive trademark that has been used for many years and which has achieved widespread recognition.

70. The OASIS trademark is famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

71. Defendant's use of the OASIS mark, without authorization from Plaintiff, is diluting the distinctive quality of the OASIS mark and decreasing the capacity of such marks to identify and distinguish Oasis International's products.

72. Defendant has intentionally and willfully diluted the distinctiveness and quality of the famous OASIS trademark in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

73. Upon information and belief, Defendant intends to continue its infringing acts unless restrained by this Court.

74. Defendant's acts have damaged and will continue to damage Plaintiff and Plaintiff has no adequate remedy at law.

75. Defendant, by its actions, has irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## COUNT IV: TRADEMARK DILUTION UNDER NEW JERSEY STATE LAW

76. Plaintiff repeats the above allegations as if fully set forth herein.

77. The OASIS trademark is a strong and distinctive trademark that has been used for many years and which has achieved widespread recognition.

78. The OASIS trademark is famous throughout the state of New Jersey within the meaning of NJ Rev Stat § 56:3-13.20.

79. Defendant's use of the OASIS mark, without authorization from Plaintiff, is diluting the distinctive quality of the OASIS mark and decreasing the capacity of such marks to identify and distinguish Oasis International's products.

80. Defendant has intentionally and willfully traded on Plaintiff's reputation and diluted the distinctiveness and quality of the famous OASIS trademark in violation of NJ Rev Stat § 56:3-13.20.

81. Upon information and belief, Defendant intends to continue its acts unless restrained by this Court.

82. Defendant's acts have damaged and will continue to damage Plaintiff and Plaintiff has no adequate remedy at law.

83. Defendant, by its actions, has irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

### COUNT V: COMMON LAW UNFAIR COMPETITION

84. Plaintiff repeats the above allegations as if fully set forth herein.

85. In addition to its registered trademark rights, Plaintiff has common law rights in the OASIS trademark as associated with water coolers, water fountains, parts for the same, water pitchers, water filters, and other water-consumption related goods.

86. Moreover, Plaintiff's natural zone of expansion for the OASIS mark includes products of the type being sold by Defendant under the OASIS mark.

87. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of New Jersey.

88. Plaintiff has been damaged by Defendant's acts of common law unfair competition.

89. Defendant, by its actions, has irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

### COUNT VI: COMMON LAW TRADEMARK INFRINGEMENT

90. Plaintiff repeats the above allegations as if fully set forth herein.

91. In addition to its registered trademark rights, Plaintiff has common law rights in the OASIS trademark as associated with water coolers, water fountains, parts for the same, water pitchers, water filters, and other water-consumption related goods.

92. Moreover, Plaintiff's natural zone of expansion for the OASIS mark includes products of the type being sold by Defendant under the OASIS mark.

93. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of New Jersey.

94. Plaintiff has been damaged by Defendant's acts of common law unfair trademark infringement.

95. Defendant, by its actions, has irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

### COUNT VII: UNJUST ENRICHMENT

96. Plaintiff repeats the above allegations as if fully set forth herein.

97. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at Plaintiff's expense.

98. Plaintiff has been damaged by Defendant's acts of unjust enrichment.

99. Defendant, by its actions, has irreparably injured Plaintiff.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

**COUNT VIII: UNFAIR COMPETITION UNDER NEW JERSEY STATE LAW**

100. Plaintiff repeats the above allegations as if fully set forth herein.

101. The foregoing acts of Defendant constitute unfair competition in violation of N.J.S.A. § 56:4-1.

102. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

103. Defendant is liable to Plaintiff for all damages, whether direct or indirect, for the misappropriation of Plaintiff's name, brand, trademark, and goodwill, which damages are subject to trebling.

## V.    PRAYER FOR RELIEF

Wherefore, Plaintiff prays that:

a) Defendant, Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the OASIS mark, any element thereof, and any mark confusingly similar thereto.

b) Defendant, Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to immediately and permanently remove the OASIS mark from its website and from its products;

c) Defendant be ordered to file with this Court and to serve upon Plaintiff, within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

d) Plaintiff recover all damages it has sustained as a result of Defendant's infringement, false designation of origin, unjust enrichment, unfair competition and unfair and deceptive business practices, and that such damages be trebled;

e) An accounting be directed to determine Defendant's profits resulting from Defendant's activities, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case or trebled under 15 U.S.C. § 1117;

f) Alternatively, if greater, Plaintiff recover statutory damages under 15 U.S.C. § 1117;

g) Plaintiff recover its reasonable attorneys' fees;

h) Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

i) Plaintiff recover such other relief as the Court may find appropriate.

## VI.   JURY DEMAND

Under Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable of right by a jury.

Dated: June 30, 2017                    Respectfully submitted,

                    /s/ Carol S. Harding
Carol S. Harding
EARP COHN P.C.
20 Brace Rd., 4th Floor
Cherry Hill, NJ  08034
(856)354-7700
Fax:  (856)354-0766
csharding@earpcohn.com

Jeffrey S. Standley
Melissa A. Rogers McCurdy
*Pro Hac Vice* Application to be Submitted
STANDLEY LAW GROUP LLP
6300 Riverside Drive

Dublin, Ohio  43017
(614)792-5555
Fax:  (614)792-5536
jstandley@standleyllp.com
mmccurdy@standleyllp.com

Attorneys for Plaintiff
LVD Acquisition, LLC

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Plaintiff, by its undersigned counsel, hereby certifies pursuant to Local Civil Rule 11.2 that the matters in controversy herein are not the subject of any other action pending in any court or are the subject of any pending arbitration or administrative hearing.


Dated: June 30, 2017                            /s/ Carol S. Harding
                                                Carol S. Harding